Maclin, special judge, delivered the opinion of the court. This was an action on the case for slander, instituted by Bracken Lewis against James Read in the circuit court of Washington county, at the May term, 1843. The declaration charges that the defendant slandered the plaintiff by stating in the presence of many valuable citizens that “he'swore a lie.”' The defendant pleaded special matter in justification, that the plaintiff made an affidavit before Jonathan Stout, an acting justice of the peace, that William and Lewis Read made an assault and battery upon Nathan Lewis, which was wholly untrue, and that the words spoken were in reference to that affidavit: upon which issue was joined. Upon the trial of the cause the jury found for the defendant. The plaintiff moved for a new trial which was overruled, and therefore the cause is brought into this court by writ of error. The only question presented for the determination of this court is, as to the sufficiency of the testimony to sustain the verdict of the jury. It has been held repeatedly by this court that “to authorize a new trial upon the ground that the verdict was contrary to evidence, it must have been against the weight of evidence, so that at the first blush it shocked .our sense of justice and right.” Howell vs. Webb, 2 Ark. R. 360. Ante 86. Upon an examination of the testimony in this case, in view of the rule laid down, we can see no such palpable injustice from the weight of evidence, as would have made it the duty of the circuit court to have granted a new trial. The affidavit of Bracken Lewis, upon which the warrant issued against William and Lewis Read, for committing an assault and battery upon Nathan Lewis and which was set up as special matter of justification by the defendant, was in evidence before the jury. It was also in evidence by the testimony of several individ? pals, that Bracken Lewis, before the committing court, testified that there was no lick struck between the parties, but that defendant was in a striking position. It was in testimony by an individual,, who was present, that no blow was struck by either of the Reads,. In contradiction to this, one individual testified that he was present ,at the difficulty, and that one of the Reads struck Nathan.Lewis, Thus it is pei’ceived, there is some conflicting testimony in the case. But from the situation .of the parties as exhibited in the testimony, as well as the jury being the exclusive judges of the facts, and their position enabling them to judge what weight ought to be given to .the different witnesses, from the manner of deposing, and from all the circumstances surrounding the case, we conceive that this court would be doing violence to reverse the judgment. We therefore, see no error in the judgment of the circuit court, and the same is affirmed.